In re Fischer, 57 F.(2d) 369, 19 C. C. P. A. 1077, seems to be directly in point.

The decision of the Board of Appeals is affirmed.

Affirmed.

## In re FISCHER.
### Patent Appeal No. 3064.

Court of Customs and Patent Appeals.
Feb. 6, 1933.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Claims 13 to 18, inclusive, being all of the claims of appellant's application for a patent, were disallowed by the examiner, which action was affirmed by the Board of Appeals of the United States Patent Office. From such decision of the board, appeal to this court has been taken.

The application relates to an insulation roofing element, particularly a shingle element, which shingle is treated with waterproofing solution such as liquid asphalt. One of the embodiments of appellant's alleged invention is to treat one surface only of the shingle, leaving the remaining portion of the fibrous shingle unimpregnated with the waterproofing coating. The second embodiment disclosed is to impregnate both sides, leaving the center unimpregnated. A third form is to impregnate both sides and the ends, leaving the center unimpregnated. A fourth embodiment consists in impregnating one surface of the shingle as in the first embodiment, and then having on the surface a further protective waterproof covering, which may be made of the same impregnating material, if sufficiently thick. The fifth claimed invention is the same as the fourth, except that upon shingles which have been impregnated with a heavy waterproofing coating, either or both sides or on both sides and the ends, slate particles are embedded in one of the layers.

The claims are drawn to cover the said five embodiments.

Claim 13 is fairly illustrative and reads: "13. A roofing element comprising a thick body of fibrous material having a heavy coating of waterproofing material applied to one surface and partially penetrating the body to provide a waterproof layer over an unsaturated layer."

The examiner rejected the claims on the following references:

White, 1,029,652, June 18, 1912,

Young, 1,488,186, March 25, 1924,

White, 1,569,107, January 12, 1926.

The Board of Appeals set out the above references in its decision and held as follows: "The patent to Young states on page 1, in the paragraph commencing at line 93, that the fibrous material may be covered or impregnated. The drawing clearly discloses and describes a covering layer for the fibers. It is appellant's allegation that this patent is too indefinite in this respect and does not clearly disclose the heavy coating which only partially penetrates the body of fibrous material. We cannot agree with appellant's view. We believe that this reference is a clear and adequate anticipation of the subject-matter of the appealed claims. Appellant contends that the surface of the Young structure is not granular as called for in some claims. In our opinion it is, although there is a certain uniting of the grains. In any event, viewing this patent merely as a publication, we do not consider that there would be any invention in omitting the patentee's welded layer."

It would serve no useful purpose to discuss the details of the references, since we agree with the conclusion of the board and the reasons which brought it to such conclusion.

We have not overlooked the extended argument in appellant's elaborate brief on a number of different contentions, and especially the contention that the "omission of parts so that a less number perform all the functions of the greater is invention." Under the circumstances of this case, we do not think that invention would rest in such omission.

The decision of the Board of Appeals is affirmed.

Affirmed.